### Joseph W. Ripley v. Peter Vorslowsky.

1. INSTRUCTIONS—*As to Money Loaned and Lost at Gambling.*—In an action under chapter 32, section 13, R. S., for money loaned and lost at gambling, an instruction to the jury that if they believe from a preponderance of the evidence that the plaintiff loaned to the defendant money as claimed by the plaintiff, and that the sum of $190 of said money has not been repaid, and if you further believe from a preponderance of the evidence that in loaning said money the plaintiff did not know that the said defendant was going to gamble with said money, then it will be your duty to find the issues for the plaintiff, is proper.

2. SAME—*As to Gambling Debts, Without Defining the Term.*—An instruction that if the jury believe from the evidence that the indebtedness in question, if any indebtedness is shown by the evidence, was a gambling debt, then your verdict should be for the defendant, giving no explanation of what constitutes a gambling debt, but leaving the jury to determine that matter for themselves, is erroneous.

Transcript from Justice of the Peace.—Appeal from the Circuit Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed October 9, 1903.

GEORGE A. B. PFUHL, attorney for appellant; HOWARD E. LEACH, of counsel.

HENRY A. WILDER, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

Appellant sued to recover money which he claims to have loaned to appellee. The latter denies that he ever borrowed any money of appellant, and states that the only obligation to the latter ever incurred by him was for money lost in a card game at appellant's place. The testimony is contradictory, and appellant complains that the court improperly modified the only instruction offered in his behalf. That instruction is as follows:

" The jury are instructed that if they believe from a preponderance of the evidence that the plaintiff, Ripley, loaned to the defendant, Vorslowsky, money, as claimed by the plaintiff, and that the sum of $190 of said money has not been repaid, and if you further believe from a preponderance of the evidence that in loaning said money the plaintiff did not know that the said defendant, Vorslowsky, was going to gamble with said money, then it will be your duty to find the issues for the plaintiff."

The court added to this the following: " Unless you further believe from a preponderance of the evidence that the indebtedness in question was a gambling debt," and also gave of its own motion an additional instruction as follows:

" The jury are instructed that if they believe from the evidence that the indebtedness in question, if any indebtedness is shown by the evidence, was a gambling debt, then your verdict should be for the defendant."

No explanation of what constitutes a " gambling debt " was made. The jury were left to determine that matter for themselves. We regard this instruction and modification as erroneous. The statute relied upon by the defense is as follows:

"All promises * * * made by any person whatsoever, where the whole or any part of the consideration thereof shall be for any money, property or other valuable thing, won by any gaming, or playing at cards, dice or any other game or games, or by betting, * * * or for the reimbursing or paying any money or property knowingly lent or advanced at the time and place of such play

Ripley v. Vorslowski.

or bet, to any person or persons so gaming or betting, or that shall, during such play or betting, so play or bet, shall be void and of no effect." Rev. Stat., Chap. 38, Sec. 131.

Appellant was entitled to have the jury instructed as he requested, under the evidence in his behalf.

The judgment must be reversed and the cause remanded.